BARTON, In re. See Case No. 1,085.

---

## Case No. 1,084.

### BARTON v. ANTHONY.

[1 Wash. C. C. 317.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1806.

MARINE INSURANCE — CUSTOM AND USAGE—ARBITRATION AND AWARD—EXCEPTIONS TO AWARD.

1. It is the custom in Philadelphia, that if an order be given to insure $12000, the agent should insure a greater sum, in order to cover the amount to be insured. By the custom, he cannot insure to cover premium, in the same policy with that to cover the value.

2. Evidence not laid before referees, cannot be exhibited to the court on exceptions to the report.

[See Hurst v. Hurst, Case No. 6,930; Frick v. Christian Co., 1 Fed. 250.]

[At law. Action by Seth Barton against Anthony for breach of an agreement to effect marine insurance. Plaintiff excepts to the award upon arbitration. Exceptions overruled and judgment upon the award.]

This case came on upon exceptions to the report of referees. The plaintiff, living in Baltimore, in May, 1798, wrote to the defendant in Philadelphia; ordering him to insure 12000 dollars on a certain vessel, she being valued at that sum; and 9000 dollars on the freight, valued at that sum; and to insure sufficient to cover the premium. The defendant effected an insurance, in Philadelphia, on the vessel, for 14100 dollars, the exact amount of the 12000 dollars, and the premium paid on it. Within a few days after this, the plaintiff came to Philadelphia, and went on to New York, where he effected insurance on the freight. There was no evidence laid before the referees, to show either that the insurance on the vessel was communicated to the plaintiff, or that he objected to the conduct of the defendant, until after notice of the loss in August. But the referees presumed that the plaintiff knew what the de-

fendant had done, and acquiesced; although he had insured 900 dollars short of what he was ordered. Mr. Fitzsimmons, one of the referees, was examined and deposed to the above facts: he saw that the plaintiff's order was confused, but had it been laid before the office, they would have understood it. That to get at the sum which should have been insured, to cover the value and premium, you should say, if $80 : 100 : : 12000, the result of which would be 15000 dollars. That by the custom, you cannot insure to cover premium, in the same policy with that to cover the value. Evidence, not laid before the referees, was spoken of by the plaintiff's counsel.

BY THE COURT. In the case of Hurst v. Hurst, [Case No. 6,930,] it was laid down, that on exceptions to a report, no new evidence be received; and that the court will not set aside a report, unless for plain mistakes in matters of law or fact. In this case, the referees presumed, that after the defendant had effected the insurance on the vessel, the plaintiff must have known what he had done, and had acquiesced in it, and we think the referees had very strong grounds on which to build this presumption. Within a few days after the policy was effected, the plaintiff was in Philadelphia; that he inquired how his order had been executed, cannot be doubted; because, otherwise, he would not have himself insured the freight in New York. The inquiry having then most certainly been made, it is not to be doubted but that he was informed not only of what had not been done, as of that which had. He ought then to have objected, and not lie by, until he received notice of the loss. Exceptions overruled, and judgment on the award.